# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:18-cr-329 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| TEQUAN RUSHTON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Tequan Rushton ("Rushton") to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 34 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 37 ["Opp'n"].) For the foregoing reasons, the motion to vacate is DENIED.

## I. BACKGROUND

On June 21, 2018, Rushton was charged by indictment with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Doc. No. 1 [Indictment].) On August 29, 2018, pursuant to a plea agreement, Rushton entered a plea of guilty to the charge in the indictment. (8-29-2018 Minutes; Doc. No. 18 [R&R]; Doc. No. 20 [Order Adopting R&R and Accepting Guilty Plea]; and Doc. No. 21 [Plea Agreement].) On December 10, 2018, the Court sentenced Rushton to a term of imprisonment of 67 months. (12-10-2018 Minutes; Doc. No. 25 [Judgement].)

Rushton did not take a direct appeal. Instead, on June 23, 2020, approximately 18 months after the Court entered final judgment, Rushton filed the present § 2255 motion. Citing the Supreme Court's decision in *Rehaif v. United States*, --U.S.--, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019), Rushton insists that the factual basis advanced at the plea hearing to support his conviction under § 922(g) was inadequate. Specifically, he argues that the government proffered no evidence that he was actually aware that he was under a disability and could not possess a weapon at the time of the offense. (Mot. at 194[1].) Relying again on the decision in *Rehaif*, Rushton also argues that his plea colloquy was improper and, therefore, "nullified" because he did not understand the nature of the elements of the offense. (*Id.* at 195.) He suggests that he would never have pled guilty if he knew that possessing a firearm, alone, was not criminal conduct. (*Id.* at 196.) Finally, Rushton argues that the decision in *Rehaif* rendered the indictment defective because the elements were not properly laid out. (*Id.* at 197.)

The government argues that the motion fails on the merits, that Rushton waived the right to collaterally attack his conviction in his plea agreement, and that, in any event, the motion is untimely. Because the Court finds that the motion is clearly untimely, it need not reach the merits or the question of waiver.

## II. EVIDENTIARY HEARING

A court should hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that Rushton's § 2255 motion—filed more than one year after his sentence became final—is time-barred under the governing statute.

### III. RUSHTON'S § 2255 MOTION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act (ADEPA) "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the judgment of conviction was entered on December 10, 2018. Because Rushton did not appeal his conviction or sentence, the one-year statute of limitations period began to run 14 days later. *See Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012);[2] *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); Fed. R. App. P. 4(b)(1). Rushton was required to file his § 2255 motion by December 24, 2019. Instead, he filed the instant motion on June 23, 2020, approximately 6 months after the limitations period had expired. Accordingly, the motion is not timely under § 2255(f)(1).

Rushton does not identify an impediment created by the government or new facts supporting a claim that were subsequently discovered through the exercise of due diligence to justify the delay in filing the present § 2255 motion. *See* § 2255(f)(2), (4). Instead, Rushton argues that his motion is timely under § 2255(f)(3), based upon his belief that the decision in *Rehaif* constituted a new right recognized by the United States Supreme Court and that his motion was filed within one year of that decision. (Mot. at 201.)[3]

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew that he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a

---

[2] Prior to the 2009 amendment, Rule 4(b)(1) provided for a 10-day period for appealing a judgment in a criminal case.

[3] In support of the timeliness of his motion, Rushton also references § 2255(f)(4), but the only new "fact" he identifies is the Supreme Court's decision in *Rehaif*. (Mot. at 201.)

firearm." 139 S. Ct. at 2200. The Sixth Circuit has recently held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) (citation omitted). Courts throughout this circuit have likewise recognized that *Rehaif* does not apply retroactively to cases on collateral appeal. *See Swindle v. United States*, No. 1:17-cr-158, 2020 WL 3167012, at *1 (W.D. Mich. June 15, 2020) (collecting cases); *United States v. Saunders*, No. 1:17-cr-511, 2020 WL 3447819, at *2 (N.D. Ohio June 23, 2020) (similar). Circuit courts are in accord. *See In re Palacious*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review"); *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) ("*Rehaif* did not state a rule of constitutional law at all.") Accordingly, because *Rehaif* does not apply retroactively to cases on collateral review, the time frame set forth under 28 U.S.C. § 2255(f)(3) does not apply, and Rushton's motion is time-barred.

### IV. CONCLUSION

For the foregoing reasons, the motion of defendant Tequan Rushton to vacate, set aside, or correct his sentence (Doc. No. 34) is DENIED, and this case is dismissed. Further, the Court CERTIFIES, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: August 14, 2020

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**